Kent, Ch. J.
The question, whether the shipper at the port of discharge, may abandon his deteriorated goods to the owner of the vessel, and thus avoid the pay-meat of freight, does not necessarily occur in this case. If that question, which is not settled- in our law, should hereafter arise, it would deserve to be well considered; but in the present case, ! consider the’50 hhds. of sugar, about which the controversy exists, as having perished, on the voyage, by the perils of the sea; and if this be the fact, it will be admitted that no freight was due for them. No-freight is due for goods which perish during the course of the voyage. When the present voyage commenced, the sugar was properly stowed ; during the course of it, the ship leaked, owing to tempestuous weather, by means of which, the 50 hogsheads of sugar were washed out > and upon the arrival at Neiv-Yorlc, the hogsheads were empty, and some of them fell to pieces. The sugar was. in this case as effectually destroyed, as if it had been at once swept into the sea, and had gone to the bottom.— Bringing into port the empty hogsheads,"was not bringing the. hogsheads of sugar which the defendant had undertaken to do. A hogshead of merchandize is considered by Pothier (Charle Par tie, No. 6 0.) as having perished, if the cask arrives empty, because the goods no longer exist; and, consequently, the master cannot be said to have carried them to their place of destination.— And however the authorities may differ on the assumed right to abandon damaged goods in discharge of freight, •yet they all agree that you may abandon, casks, leaked out by the perils of the sea, as the subject matter of the contract ho longer exists. (Le Guidon, ch. 7.§ 11. Ord. du Fret. Art. 28. and Valin, 672. Pothicds Charle Partie, 60.) I wish to be understood, as confining this opinion strictly to the facts in the case which establish that *335 the sugar was entirely gone,, by the perils of the sea, be-£ore arr¡vaj Gf the vessel in port. It will not, therefore, apply to the case, of an article that is lost by other causes than the perils of the sea, such as internal decay, leakage,, evaporation, and the like.
The next point is, whether evidence of usage in contradiction to this rule was admissible, and if it was, whether the usage proved, went the length of establishing that freight was in this case due for the sugar that was destroyed.
The testimony produced certainly did not reach this point. It only established, that the ship owner was entitled to his freight, notwithstanding the goods were dimiu-ished, or lost by wastage; and that he was not responsible for leakage, if the casks were well stowed. But the1 testimony did not show that this usage existed, if the contents of the casks had been lost by means of sea perils during the course of the voyage- I presume that no such usage exists. It would be repugnant to the general rule of maritime law- The true import of the testimony offered was, that the master is entitled to his freight, notwithstanding the ordinary diminution, or waste of an article, arising either from its nature, or the defect of the cask. It becomes, therefore, immaterial to examine, whether this evidence of usage- was or was not strictly competentbut as the question is frequently suggested, it may be proper to observe, that though usage is often resorted to for explanation of commercial instruments, it never is, nor ought to be, received to-contradict a settled-rule of commercial law. This was so determined in the-case of Edie v. East-India Company. (2 Burr. 1216.) The plaintiff must, therefore, deductfrom the verdict the amount of the freight allowed for the 50 hogsheads, and take his judgment for the residue only, (a)
*336 Thompson, J. was of the same opinion.
Spencer, J. not having heard the argument, gave no opinion.
Judgment for the plaintiff, for the freight of 140 casks only.

 If the shi p is hi a capacity to proceed on her voyage, and the goods are.damaged, the owner will be entitled to hia freight, if he offers to car *336 ry them on. Nothing but the actual destruction of the goods will prevent his earning freight, if be carries them to their port of destination. Herbert v. Hallett, 3 John. Cas. 93.