Curia.

The object of the replication in this case is to make an exception, which the statute of limitations has not * made, and which we therefore cannot support. When [ * 31 ] the defendant came within the state, the six years began to run, as it respected him; and when the plaintiff returned, the six years began as to him. The replication is adjudged bad and insufficient, (a)

Costs for the defendant.

ADDITIONAL NOTE.
[See Nathans vs. Bingham, 1 Miles, 164. — Reid vs. Geoghehan, Ibid. 204. — Green vs. Johnson, 3 Gill & J. 389. — Frey vs. Kirk, 4 Ibid. 509. — Paterson, &c., vs. Ludlow, 6 Halst. 354. — Battles vs. Fobes, 16 Pick. 532,19 Pick. 578.
To bring a case within the exception in the statute of limitations which applies to absent parties, the •presence of the debtor within the state, after bis return, must be such as to enable the creditor, with ordinary diligence, to avail himself of it. A con cealed and clandestine presence for any period is not sufficient. Hysinger vs. Ballzell, 3 Gill & J. 158. —Little vs. Blunt, 16 Pick. 359.
If a debt was contracted abroad, between citizens of the foreign country, and barred by its statute of limitations while the parties remained there, a suit may still be maintained within six years from their coming into Massachusetts. — Bulger vs. Roche, 11 Pick. 36.
Where one makes a new promise to pay an outlawed claim, when absent from the state, leaving no attachable property in it, the statute of limitations does not be.gin to operate till his return to the state. — Little vs. Blunt, 9 Pick. 488.
The statute of limitations of Massachusetts provided, that where the debtor, when the cause of action accrued, was out of the state, and did not leave attachable property therein, the statute should not begin to run till his return. Held applicable to one who had never been in the state. — Little vs. Blunt, 16 Pick. 359.
So also to a new promise, made out of the state, whether before or after the original promise was outlawed. — Ibid.
A citizen of another state, who has never been in Massachusetts, is not a person “ beyond sea, without any of the United States," within the saving clause of the statute of limitations. (See Rev. St. c. 120, s. 6.)—Whitney vs. Goddard, 20 Pick. 304.— F H.]

 [This decision is wholly unsupported'by authority. The statute does not begin to run until the defendant is within the country next after the cause of action has accrued, or has property here, liable to attachment; (White vs. Bailey, 3 Mass. Rep 273. — Dwight vs. Clark, 7 Mass. Rep. 515. — Byrne vs. Crowninshield, 1 Pick. 263; nor then, until the plaintiff is here also at a time when he can commence a suit. — Hall vs. Little, 14 Mass. Rep. 203. — Wilson vs. Appleton, 17 Mass. Rep. 180. — Strithorst vs. Greene, 2 Bl. 723. 3 Wilson, 145. The statute does not begin to run while the parties are abroad, although they may be in the same country, where the plaintiff might have sued, if he had chosen so to do. — Williams vs. Jones, 13 East. 439. — But If one of several plaintiffs be in the country after the cause of action arises, and the defendant be here, or have property here, the statute will begin to run from the time he is able to commence a suit. — Perry vs. Jackson, 4 D. & E. 516. —■ If the plaintiff be here at the time the cause of action accrues, and the defendant be here, or have property here, so that the plaintiff can commence a suit, and the plaintiff afterwards goes abroad, the statute begins to run; so that, if no suit be commenced within six years, the statute will be a bar.— Smith vs. Hill, 1 Wills. 334. — Ed.]