WOOD, survivor, &c. vs. HICKOK and HAMILTON.

. THIS was an action of *assumpsit* for goods sold and delivered, tried at the Albany circuit, in September, 1828, before the Hon. WILLIAM A. DUER, one of the circuit judges.

The plaintiffs were wholesale grocers in the city of Albany, and the defendants country merchants. The defendants made sundry purchases of the plaintiffs between February, 1824, and November, 1825, amounting in the whole to $1190 62, and made various payments to the plaintiffs, amounting in June, 1827, to the sum of $1191 25. On the trial of the cause, the plaintiffs, besides the items of debit amounting to the above sum of $1190 62, claimed to recover for a barrel of brandy sold in November, 1824, charged at $48, and a balance of *interest* amounting to $64 87. From the evidence, it seemed that though the brandy had been sent by a carrier, it had not been received by the defendants, and it did not appear at whose risk it had been forwarded. The evidence in relation to the charge of interest was, that it is the uniform practice of grocers to charge interest on goods sold, after ninety days, unless a special agreement is made with the purchaser to the contrary, and that it was the uniform practice of the plaintiffs in this cause so to charge interest. In the accounts transmitted to the defendants from time to time, there was no specification of credit, or any mention of interest, until an account current was transmitted to them, in 1827, in which interest was charged on the several debits, and allowed on the several payments, and a balance of $64 87 struck in favor of the plaintiffs. After the transmission of this account, the defendants remitted $100 to the plaintiffs, and directed the same to be placed to their credit; and subsequent thereto, one of the defendants looked over the account of the plaintiffs, and admitted as

*An account consisting of items on the part of the plaintiff, and only of credits of payments on the part of the defendant, is an unliquidated running account, which does not carry interest without an agreement either expressed or implied.*

*The testimony of a witness that it is the uniform practice of grocers to charge interest on goods sold, after ninety days, unless a special agreement to the contrary is made, does not amount to proof of the usage of a particular trade, of which all dealers in that line are bound to take notice, and are presumed to be informed.*

*It seems that if the custom of a merchant to charge interest after ninety days is known by those who deal with him, or if the length of credit is stated in an account rendered at the sale, an agreement to pay interest may be implied.*

NEW-YORK, correct all the charges except that relating to the brandy.
May, 1829. The account he examined contained a separate column of
Wood      charges for interest.   The witness could not, however, say
v.        that the defendant observed it, nor was the interest spoken
Hickok.   of ; his attention was directed to the examination of the items
of debit and credit.   The only dispute between the parties
seemed to be relative to the charge of brandy ; and as to
that, they agreed each to lose one half, and that this suit,
which was then commenced, should be settled.   It however
was not settled.

The judge charged the jury that this was an unliquidated
running account between merchants, on which the plaintiffs
were not entitled to interest, unless there was an agreement
between the parties that interest should be charged after a
particular time, or knowledge brought home to the defend-
ants of the usage of the plaintiffs, from which an agreement
might be inferred as by the statement and settlement of an
account.   He submitted to them to determine whether the
defendant. ought to be precluded by his examination of the
account containing the charge of interest.   The jury certifi-
ed a balance in favor of the defendants of $\frac{63}{100}$.

*Dutcher & Harris*, for the plaintiffs, moved to set aside the
verdict for the misdirection of the judge.   They contended
that this was not *an unliquidated account;* that an account
can be said to be unliquidated only where there are *mutual*
dealings and *mutual* credits.   (20 *Johns. R.* 583, 590.   5
*Cowen*, 619.)   The charges here are all on one side, and the
payments made from time to time could no more render the
account unliquidated than partial payments could render a
bond an unliquidated demand.   The rendering of the ac-
count was a liquidation of the demand.   (3 *Cowen*, 400, 409,
410, 426, 434.)   Had there been but one item of debit, the
account could not have been said to be unliquidated, and the
fact of the plaintiffs having furnished goods at several times
cannot vary their rights.   The transmission of the account
including interest, the payment of the $100, and the omis-
sion to object to the charge of interest, shewed an acquies-

cence on the part of the defendant.   An account is to be considered liquidated after it has been rendered, if no objections are made to it.   (15 *Johns. R.* 424.   20 *id.* 598.   2 *Vern.* 276.)

Interest is allowed in these cases on an implied contract, arising not from the usage of the plaintiff brought home to the knowledge of the defendant, but *from the usage of trade.* (3 *Cowen,* 433, 436.   1 *Conn. R.* 32, 35.   3 *Caines,* 234. 1 *Douglass,* 376.   *Kirby,* 207.   6 *Cowen,* 195.)   The usual time of credit in a particular trade is evidence that goods were sold at that credit.   (1 *Starkie,* 35.   3 *Cowen,* 422, 425.   2 *Bos. & Pul.* 337.)

*J. McKown,* for defendants.   The action was for goods sold and delivered, in which the plaintiffs could not recover a demand for *interest* alone, not shewing any thing due for goods sold.   (3 *Johns. R.* 229.)

There was no agreement to pay interest either express or implied.   The bills furnished stated no particular credit. Where interest is intended to be demanded, it is usual to specify the credit at which goods are sold, on the expiration of which the party will be entitled to interest.   There is no proof that the defendants had knowledge of the plaintiffs' custom.

There was no acquiescence in the charge of interest.   It was not shewn that the defendants ever received the account transmitted in 1827.   The subsequent examination of the account by one of the defendants was confined to the items of debit and credit ; nothing was said about interest.   Having agreed to share the loss as to the brandy, the reason why the suit was not settled was, that the defendant refused to allow the interest demanded.

It was an unliquidated running account between merchants ; there was no agreement to pay interest after any particular time ; no knowledge of the plaintiffs' custom brought home to the defendants ; no liquidation or acquiescence.   (3 *Caines,* 226, 234.   6 *Johns. R.* 45.   3 *Cowen,* 195.   *Camp. N. P.* 50.)

*By the Court,* SUTHERLAND, J.   I think the charge of the judge was correct under the circumstances of this case. The only ground on which it could he contended that the account was liquidated and closed so as to carry interest was, that the account had been sent to the defendants, and they had not objected to it.   In the first place there was no direct evidence that they ever received it ; but admitting they did, the subsequent conduct of the plaintiffs, as well as the defendants, shews that neither party considered the account as closed or settled by the assent of the defendants.   The defendants subsequently entered into an examination of it, and a material and important item was agreed to be struck out or materially reduced in amount.   The plaintiffs did not consider the defendants as concluded by what had previously taken place.   The judge was therefore correct in charging the jury that there was an unliquidated running account, which did not carry interest unless there was an agreement either express or implied between the parties that interest should be allowed.

There is no evidence that the defendants knew that it was the uniform custom of the plaintiffs to charge interest after 90 days, and it appears that no charge of interest had ever been made in any of the accounts rendered to the defendants except the last, nor was the length of credit stated in any of them.   There was nothing, therefore, from which the defendants were bound to infer that any interest would be claimed from them as long as the account remained open and unliquidated.

The testimony of one of the witnesses that it is the uniform practice of grocers to charge interest on goods sold after 90 days, unless a special agreement to the contrary is made, does not amount to proof of the usage of a particular trade, of which all dealers in that line are bound to take notice, and are presumed to be informed.

Motion for new trial denied.