Parker C. J.
drew up the opinion of the Court. This ac tion is brought to recover damagés against the defendant, for quitting the plaintiff’s service, in violation of an alleged contract, that, having entered into the service, he would not quit it without leave, unless he had given a fortnight’s notice of his intention to quit.
It does not appear that the defendant engaged his services for any length of time. He asked leave to work at an unoccupied loom, worked a few days, went away, returned in a short time and worked upon another loom. He was to be paid according to the work turned out, and not by the year, month, or day. There was no stipulation for any particular time ; so that there is no express or implied contract that he would remain for any certain time ; unless such contract is to be implied from what is set up in evidence, as a usage of this and the neighbouring factories, that all who are employed, shall be held to remain until a fortnight after they give notice of their intention to quit. In order to make this a part of the contract, as the usage supposed is a particular one, and not a general custom, it should *205 have appeared, that the defendant knew of the usage when he entered upon the work or before he left it.[1] This is required in order to give effect to a particular usage, so as to operate upon a contract. It is so with the usages of banks, and all other usages not of so general a nature as to furnish a presumption of knowledge.[1] There is no such evidence in this case ; on the contrary, it appears that the defendant was a stranger in the country, that he was not informed of any usage, and that no notice of it was posted up among the rules and orders of the factory.
The cases cited are all either of general usages, or of particular customs, of which the party to be bound was proved or presumed to have notice.
The plaintiff must be nonsuited.

 See Wood v. Hickok, 2 Wendell, 501 ; Naylor v. Semmes, 4 Gill & Johns 274; Donnell v. Columbian Ins. Co. 2 Sumner, 366.

 See Bank of Washington v. Triplett, 1 Peters, 25; Whitwell v. Johnson, 17 Mass. R. 452; Mills v. Bank of U. States, 1 Wheaton, 431; Bank of Columbia v. M'Gruder, 6 Har. & Johns. 180.