## PRICE AND ANOTHER v. WHITE.

1. A witness who had lived both in N. Y. and M., understood it was the custom of merchants that the employer should pay the expenses and passage of clerks, who were engaged in the former, to do service in the latter place for the whole of the ensuing business season; that the witness, who was a merchant, had never so employed or paid a clerk, but he knew of one case where, under a stipulation to that effect, the wages and passage money of a clerk thus employed, were paid by the employer—Held, that this evidence was inadmissible, and consequently incompetent to establish the usage or custom of trade.

Error to the County Court of Mobile.

THIS was a suit commenced before a justice of the peace, at the instance of the defendant in error, against the plaintiff, Price; a judgment was rendered in favor of the plaintiff below, and thereupon the defendant appealed to the County

Court, and entered into a bond, with Henry Penfield as his surety.

The plaintiff filed a statement of his cause of action, in which it is alledged that the defendant agreed to pay him $2 25 per day, if he would come from the city of New York to Mobile, and serve him as a clerk; that in compliance with this agreement, the plaintiff did come from New York to Mobile, and entered into the defendant's service; that it required fifteen days to make the passage; and that after he arrived at Mobile he labored for the defendant twelve days. For all which the plaintiff is entitled to demand of the defendant, compensation from the time he left New York until he ceased to work as a clerk for him. It is further alledged that the defendant is indebted to the plaintiff in the sum of $50 for work and labor done.

The defendant pleaded a tender of $14 50, *non assumpsit* and set off; whereupon the cause was submitted to a jury, who returned a verdict for the plaintiff for $49 45, and judgment was rendered accordingly against the appellant and his surety.

On the trial, the defendant excepted to the ruling of the court. Testimony was adduced tending to show, that the plaintiff worked in the shop of the defendant, for the manufacture of tin and iron, twelve days, for which the latter agreed to pay him $2 25 per day: *Further*, evidence was offered to prove, that in October, 1844, the defendant engaged the plaintiff to come from New York to Mobile to act as a clerk for him in his tin shop; but there was no proof that he ever served him in that character. It was however shown that the plaintiff worked as a journeyman after he came to Mobile; this was all the evidence of a contract.

The plaintiff then introduced a witness, who said he had lived eight years in Mobile and two months in New York—that he understood it to be the custom of Merchants, that where clerks were engaged in New York to come to Mobile to work the whole of the ensuing season, their passage and expenses were paid by the employer; that the witness. a merchant, had never so employed or paid a clerk, but he knew of one case in which a merchant paid wages and passage money to Mobile, to a clerk whom he had engaged in New York, to

serve during the next business season in the former city. In that case, however, there was a stipulation thus to pay. This was all the evidence as to the usage of trade in the employment of clerks, and was objected to by the defendant as irrelevant and incompetent; but the objection was overruled, and the testimony permitted to go to the jury.

The court charged the jury that one witness was sufficient to establish a custom or usage of trade—that they might weigh the whole of the testimony, and render such verdict as the facts authorized; to which the defendant excepted.

G. N. STEWART, for the plaintiffs in error.

E. W. PECK and L. CLARK for the defendant in error.

COLLIER, C. J.—The custom or usage of trade, is the law of that trade; and to make it obligatory it must not only be certain, uniform and reasonable, but it must be sufficiently ancient to be generally known. [Collings v. Hope, 3 Wash. C. C. Rep. 150; Lewis v. Thatcher, 15 Mass. Rep. 433; Thomas v. Graves; 1 Rep. Cons. Ct. 308; Smith v. Wright, 1 Caine's Rep. 45.] In Stevens v. Reeves, 9·Pick. Rep. 198, it was held that a person who makes a contract is not bound by the usage of a particular business, unless it is so general as to furnish a presumption of knowledge, or it is proved that he knew it. See also Wood v. Hickok, 2 Wend. Rep. 501.

Witnesses may be examined to prove the course of a particular trade, but not to show what the law of that trade is. [Winthrop v. Union Ins. Co. 2 Wash. C. C. Rep. 7; Austin v. Taylor, 2 Ohio. Rep. 64; Sampson & Lindsay v. Gazzam, 6 Porter's Rep. 124.

When the meaning of a word used to designate an article of trade, is to be fixed by mercantile usage, it may be shown by the usage among merchants dealing particularly in such article. [Astor v. The Union Ins. Co. 7, Cow. Rep. 202.] But it has been held to be a general rule, that one witness is not sufficient to prove a custom. [Thomas v. Graves, *supra;* Wood v. Hickok, *supra.*]

In Parrott v. Thacker, 9 Pick. Rep. 426, a usage, it was said, was not proved by one witness, where another witness

equally conversant with the business denied it, and where other witnesses might be produced to testify in respect to the same matter.

Evidence of usage can only be resorted to when the law is doubtful, or unsettled. [United States v. McDaniel, 7 Peters' Rep. 1; Murray v. Hatch, 6 Mass. Rep. 477; Coit v. Comm. Ins. Co. 7 Johns. Rep. 385; Allegre v. Maryland Ins. Co. 2 G. & Johns. Rep. 136; Rankin v. Am. Ins. Co. 1 Halls' Rep. 619.] It is not admitted to contradict, or substantially to vary the legal import of a written agreement. [Benner v. The Bank of Columbia, 9 Wheat Rep. 581; Sleght v. Rhinelander, 1 Johns. Rep. 192.] The usage of no class of men can be sustained in opposition to the established principles of law. See 10 Mass. Rep. 29; 2 Wash. C. C. Rep. 7, 24; 2 Johns. Rep. 335; 1 Hall's Rep. 602, 619.

In the case at bar, the witness examined at the plaintiff's instance, does not explicitly alledge that a usage, such as that it was proposed to establish, did exist in point of fact; nor does he state that he was informed of the character of such contracts, the duties and obligations they impose upon the parties respectively. The proof is further in fault in not stating whether the usage was uniform, or how long it had existed. Besides these and other objections that might be particularized, it may be remarked that the testimony is suicidal; for the witness said, that the only case that conformed to what he supposed to be usage, was influenced by the terms of the contract.

If it may be conceded that the evidence of usage is admissible in a case like the present, to determine the extent of a party's liability, which would seem to be fixed by the terms of the contract, the incompetency and insufficiency of that adduced, is so obvious, from the principles stated, and the citations by which they are sustained, that it is unnecessary to make it more manifest.

The judgment of the County Court is reversed, and the cause remanded.