# PARTRIDGE vs. FORSYTH.

[ACTION BY WORKMAN ON CONTRACT FOR BUILDING HOUSE.]

1. *Proof of custom.*—It cannot be laid down as a positive rule, that more than one witness is required to prove the existence of a custom, or usage of trade, before it can become an element of contracts.
2. *What is abstract charge.*—A charge cannot be considered abstract, when there is any evidence, however weak, to support it; as where the court instructs the jury upon the requisites of a custom, the existence of which is proved by only one witness.
3. *Ambiguous charge.*—An affirmative charge which is involved, or ambiguous, or tending, without explanation, to mislead the jury, is no ground for a reversal of the judgment, if no explanatory charge or qualification was asked; but such a charge may also properly be refused.
4. *When abstract charge will reverse.*—An abstract charge, which asserts a correct legal proposition, will not justify a reversal of the judgment, unless the appellate court is reasonably convinced that, when considered in connection with the evidence, it must have misled the jury; and this cannot be assumed, when the record shows testimony on which, if the abstract charge were stricken out, and in the absence of a request for instructions upon the sufficiency of the evidence, the jury might have found the same verdict.
5. *Entire contract.*—An agreement for the building of a house, when it is stipulated that the entire work is to be completed before any part of the compensation is demandable, is an entire contract; but when it is shown that the owner, before the completion of the house, endeavored to get it insured against loss by fire, and made a partial payment under the contract, these circumstances rebut, to some extent, the idea that the contract was entire, and might authorize the jury to so find.
6. *When workman may recover before completion of contract.*—Under an entire contract for the building of a house, which is destroyed by fire before its completion, the workman can recover nothing; *secus*, if the contract is not entire.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

THIS action was brought by Richard T. Forsyth against Charles S. Partridge, to recover the balance due on a contract for the building of a house, which was destroyed by fire before its completion. A cross action was also instituted by Partridge, to recover the amount which he had paid on the contract before the house was burned down. The two actions were tried together, by consent; and the jury returned a

verdict in favor of Forsyth. As the material facts of the case are stated in the opinion of the court, it is unnecessary to repeat them here.

WM. G. JONES, for the appellant.—1. The contract was manifestly entire, and the court properly so held it; but the court erred in its charge as to the effect of the supposed custom, on which the plaintiff mainly relied, to vary the legal effect of the contract. Only one witness was examined as to the existence of the supposed custom, and he gives no instances of its application, and does not state how long it has existed, or that it was generally known. This was no evidence of a custom.—Jewell v. Center & Co., 25 Ala. 650 ; Price v. White, 9 Ala. 563 ; 1 Spears, 323 ; 2 Foster, 76 ; 6 C. & P. 44; 2 Wendell, 501 ; 5 Dana, 501 ; 2 Sumner, 569 ; Smith's Leading Cases, vol. 1, p. 417 ; 22 Ala. 409 ; 3 Ala. 12, 30.

2. The plaintiff also relied on the additional ground, that the completion of the carpenter's work was delayed by the failure of the plasterer, who was employed by the defendant, to finish the plastering in due time ; and the court erred in holding Partridge liable for this supposed delay. The plasterer was not the defendant's agent. There was no evidence showing that the delay was unreasonable, or unnecessary, or that the defendant knew of it, or that the plaintiff complained of it ; but, on the contrary, the evidence tended to show that he acquiesced in it. There can be no need of argument, illustration, or authority, to show that Partridge was not responsible under such circumstances.

E. S. DARGAN, *contra.*—If there had been no special contract at all, the plaintiff would certainly have been entitled to reasonable compensation for his labor and materials, and the building would have been at the risk of the defendant.— Menetone v. Athawes, 3 Burr. 1592; Chitty on Contracts, 494 ; Brumby v. Smith, 3 Ala. 123. If there was a special contract to complete the house for a fixed price, and by its terms nothing was to be paid until the house was completed, then, it is admitted, the plaintiff could have recovered nothing. But, if there was a special contract, and by its terms specified

14

portions of the compensation were to be paid as the work progressed, the plaintiff was entitled to recover the installments which had accrued when the house was burned.—Davis v. Preston, 6 Ala. 83 ; Cunningham v. Morrell, 10 Johns. 212. If, however, the special contract was wholly silent as to the time and mode of payment, the custom proved would become part of it, and would determine the terms of payment. Gillett v. Mawmann, 1 Taunton, 137 ; Chitty on Contracts, 494. That the parties contracted with reference to the custom, is shown by the fact that partial payments were made before the house was destroyed. That the custom was sufficiently proved to justify the charge in reference to it, see Marston v. Bank of Mobile, 10 Ala. 284.

STONE, J.—The bill of exceptions in this case informs us that it contains all the evidence. The evidence relied on to prove a particular custom, is that of one witness, who testified that, " when a carpenter or master builder, in Mobile, undertook to furnish the lumber, and to do all the carpenter's work, in building a house for a stipulated and fixed price, it was a general understanding and custom among them, that one third of the stipulated price was payable when the house was covered in, one third when the floors were all laid, and the remaining third when the whole carpenter's work was completed." The charge to the jury on this evidence was as follows : " If there was a contract to build the house for so much, and you are satisfied that the custom insisted on by Forsyth exists, Forsyth is entitled to recover according to such custom." * * * " In order to establish a custom, you must be satisfied that it was so known, so general, and so uniform, that a man of ordinary prudence and discretion, engaging in such an undertaking, exercising ordinary care and circumspection, would have known of its existence." We do not understand the counsel for the appellant as contending that there is error in the charges of the court on this evidence, if there was testimony to justify them : the argument is, that a custom of trade, or usage, cannot be established by one witness, and that hence those charges should not have been given.

Customs, in derogation of the common law, are not favor-

ites with courts.—Bla. Com. book 1, p. 78. One of their chief requisites is antiquity.—*Ib*. 76 ; Price v. White, 9 Ala. 563. This court held, in Price v. White, *supra*, that to establish a usage, or custom, it must be shown to exist in point of fact, and the length of time it has existed must also be proved. Some authorities assert the doctrine, in terms more or less positive, that one witness is insufficient to prove a custom.—Halwerson v. Cole, 1 Spear's Law Rep. 321 ; Cunningham v. Fonblanque, 6 C. & P. 44 ; Wood v. Hickok, 2 Wendell, 501. But these citations are not sustained by any satisfactory argument, and are at war with the analogies of the law. We cannot lay it down as a positive rule, that more than one witness is required to prove the existence of a custom or usage, before such usage or custom can become an element of contracts. No statute has prescribed such rule, and we are not able to perceive in the nature of the question a necessity for so radical a departure from general principles. We do not wish to be understood as saying that the testimony in this case was sufficient. That question is not raised by the record, as no charge was asked on the sufficiency of the testimony. All we decide is, that there was some evidence of a custom before the jury. It may have been weak ; but it was the province of that body to pass on its sufficiency. We cannot pronounce this charge abstract.—Gibson v. Culver, 17 Wendell, 305.

Another charge excepted to is in the following language : "If Forsyth was prevented from the completion of the contract by the act of Partridge, or of those employed by him, Forsyth might repudiate the contract, and claim for the value of the work and labor performed by him ; or, if Forsyth was delayed in the completion of the contract, for an unreasonable time, by the act of Partridge, or of those employed by him, Forsyth might repudiate the contract, and claim for the value of the work and labor performed by him." The testimony on which this charge was given is not very full ; still, there was some testimony on the point, and it was the right of the party to have it weighed by the jury. The charge itself, viewed in connection with the evidence, under a severe criticism, might have a tendency to mislead. It was also susceptible of a construction which would leave it free from

error. Under our view, then, this charge admitted of two constructions, one of which presupposed unreasonable delay by Partridge in the performance of precedent obligations resting on him, and the other basing the plaintiff's right to recover on the conduct of persons employed by Partridge, without defining any rule by which Partridge's responsibility for such conduct would attach. To hold a party responsible for every act done by an employee, is certainly laying down the rule very broadly. Perhaps the more natural construction of the charge, considered in connection with the evidence, is, that Forsyth had the right to rescind, if Partridge, by himself or his employees, by unreasonable delay had prevented him from the completion of the contract. The rule is certainly settled, in this State, that an affirmative charge may be involved, or ambiguous, or its tendency, without explanation, may be to mislead the jury ; and yet, if no explanation or qualification be asked, it affords no ground for reversal.—Hunt v. Toulmin, 1 S. &. P. 180 ; Toulmin v. Lesesne, 2 Ala. 362 ; Rhodes v. Sherrod, 9 Ala. 71 ; Borum v. Garland, 9 Ala. 452 ; Caskey v. Haviland, 13 Ala. 320 ; Chenault v. Walker, 14 Ala. 155 ; The State v. Brinyea, 5 Ala. 244 ; Kenan v. Holloway, 16 Ala. 61. And it is also settled, that it is not error to refuse such charge.—Ross v. Ross, 20 Ala. 105 ; Swallow v. The State, 22 Ala. 20 ; Rolston v. Langdon, 26 Ala. 664 ; Godbold v. Blair, 27 Ala. 592 ; Boullemet v. The State, 28 Ala.

Another charge was in the following words : " Suppose there was a contract ; if there was a rescission of the contract by the parties, Forsyth is entitled to recover for the value of his work and materials." This charge has no evidence to support it, and is therefore abstract.—Hollinger v. Smith, 4 Ala. 367 ; McGehee v. Powell, 8 Ala. 828 ; Milton v. Rowland, 11 Ala. 733. To justify a reversal for a charge which asserts a correct legal proposition, simply because it is abstract, we must be reasonably convinced that such abstract charge, " considered in connection with the evidence," must have misled the jury.—Sims v. Sims, 8 Porter, 449 ; Towns v. Riddle, 2 Ala. 694. Are we reasonably convinced that the above charge must have misled the jury ? Two phases of this case are presented above, on which we have seen that the

jury might have found the verdict they did, notwithstanding there may have been a contract to furnish materials and do the wood work for a specified price. There is still another view which might have been taken of this evidence. If the agreement of the parties was, that the work should be completed before any compensation was demandable, then it was what the law denominates an entire contract ; and the house being destroyed before its completion, Forsyth could recover nothing.—Drake v. Goree, 22 Ala, 409 ; Brumby v. Smith, 3 Ala. 123 ; Chitty on Contracts, (American ed.) 494. The evidence shows that Partridge, during the progress of the work, paid $500 to Forsyth, and made application to an insurance office to have the building insured against loss by fire. These were, at least, circumstances rebutting, to some extent, the idea that the contract was entire, and tending to show that the building was not at the entire risk of Forsyth. From them the jury may have inferred that Forsyth was entitled to be paid, in whole or in part, before the completion of the work. If such was the contract, he was entitled to recover the installments which had matured, or the *pro-rata* value of the materials and work, as the testimony should show the contract to be.—Davis v. Preston, 6 Ala. 83 ; Cunningham v. Morrell, 10 Johns. 203 ; Gillett v. Mawman, 1 Taunton, 137 ; Menetone v. Athawes, 3 Burr. 1592 ; Chitty on Contracts, 494. There being, then, testimony in the case on which the jury could have found the verdict they did find, with the above abstract charge stricken out, and no charge being asked raising the question of the sufficiency of the evidence, we cannot say we " are reasonably convinced that the jury must have been misled by the charge of the court"; and the result is, that the judgment of the city court must be affirmed.