## WILLIAM H. BISSELL, Plaintiff in Error, *v.* CHARLES RYAN, Defendant in Error.

### ERROR TO SANGAMON.

Where it appeared that a juror called, had served as a grand juror within twelve months, in the same court, it is good cause of challenge, since the act of 1859.

A custom should be proved by several witnesses; and it should appear that it was ancient, certain, uniform, reasonable, and that the parties contracted with reference to it.

THIS was an action on an account for $97, originally commenced before a justice of the peace by the defendant in error, against the plaintiff in error, for medical services rendered, as per bill of items filed. The case was appealed to the Circuit Court, and upon a trial of the cause by a jury, before RICE, Judge, a verdict was rendered for the defendant in error, for the whole amount of the bill, $97, and judgment rendered thereon against the plaintiff in error.

The bill of exceptions shows, that on impannelling a jury, one Bolton was called as a juror, who answered upon *voir dire*, that he had served as a grand juror in the same court within twelve months of the sitting of the court at which the cause was tried, and said juror was thereupon challenged by the defendant, Bissell, for cause, but the challenge was overruled, and the juror was sworn, and exceptions thereon taken.

Upon the trial of the cause, the plaintiff produced his account with the items, showing charges for medical attention to sundry individuals named. The defendant admitted the rendition of the services, and that the charges were reasonable, but denied his liability for such items of the account as were for services or attention to the children of Kinney, named in the account, and proved a tender of all the balance of the bill.

The plaintiff thereupon gave evidence, showing that the persons named in the disputed items were, at the time said services were rendered, children residing with defendant as a part of his family; that they were nieces of said defendant; that the father of said children resided at Belleville ; that their mother, while on a visit at defendant's with said children, died there, leaving said children with said defendant, and that since the death of their mother, said children had made their home with said defendant, and had resided with him ever since. Said plaintiff further gave evidence, showing that said defendant had himself and through his servants, sent for the said plaintiff to attend on said children.

The plaintiff then called Helm, who deposed that he was a practicing physician of the city of Springfield, where all the parties resided, and had practiced his profession in said city for — years. Witness was then asked, "When persons are living permanently in a family, and the head of the family sends for a physician, is there a custom as to who shall be charged with the bill ?" This question was objected to, but the objection was overruled, and the defendant excepted. The witness answered, "There is a custom amongst physicians, but don't know how general it is ; the custom is to charge the head of the family. In my practice I have acted on it, with some exceptions, and it has been conformed to; the exceptions were, where the person requesting the attendance directed not to charge to him, but to some other person." This evidence was objected to, and the objection overruled. Witness was further asked, "Is this practice universal, so far as you know, unless the person disclaims liability who calls for the physician ?" This question was objected to, and the objection overruled, and the defendant excepted. Witness answered, "That he had known other physicians to do it as well as himself, but did not know how universal it was." To

this evidence the defendant objected, but his objection was overruled.

This was all the evidence offered in reference to a custom, and the defendant then moved to exclude the evidence, in reference to what was customary amongst physicians, from the jury, but the court overruled the motion to exclude said evidence from the jury, to which ruling the defendant excepted.

The defendant then gave evidence tending to show that the persons named in said disputed claims, were the family of one W. C. Kinney, who was a brother-in-law of said defendant, and that said services were rendered in the lifetime of said Kinney, and that plaintiff knew that said children were of the family of said Kinney ; and further tending to show that Kinney usually paid the expenses of said family and children, while residing with said defendant, and tending to show that defendant was acting for Kinney in the employment of plaintiff to attend said children, but no evidence was introduced to show that plaintiff knew that Kinney paid the expenses of the said children.

The court gave the following instructions for plaintiff :

" If the jury believe, from the evidence, that it was the intention of both parties that the plaintiff in this case should perform the services rendered to the children of his wife's deceased sister, and that the defendant should pay him therefor, then the defendant is liable for those charges in plaintiff's bill.

" That in determining the intention, the jury should take into consideration the terms on which the children resided in defendant's family, the permanency of their abode, and the custom as proved by the witness in this cause, if they believe any such custom has been proved in this cause."

To the giving of these instructions the defendant excepted.

The defendant then asked the following instructions :

1st. That notwithstanding the jury may believe, from the evidence, that the services rendered in this case to the children and family of Wm. C. Kinney, were rendered on the call and request of the defendant, yet if the jury shall believe, from the evidence, that these services were rendered in the lifetime of the father of the children, and that plaintiff knew, or had the opportunity of knowing, that these services were for the benefit of said Kinney, and that the defendant was only acting as the friend or agent for Kinney, in requesting the attendance of the plaintiff, that then the defendant would not be liable for such services.

2nd. That if the jury shall believe, from the evidence, that the defendant, Bissell, in sending or calling for the plaintiff, to attend the family or children of W. C. Kinney, was acting only as the friend or agent of said Kinney, and the plaintiff, from

the circumstances under which the family of Kinney were residing with the defendant, knew that said Bissell was only acting for said Kinney, and as his friend and agent, in so requesting the attendance of the plaintiff, that then, although the defendant may not have informed the plaintiff that he was only acting as the friend or agent of Kinney, yet he would not be liable for such services.

3rd. That the jury are instructed that they must disregard any evidence of a custom amongst physicians, to charge their bills in a particular way, or to particular persons, under any proposed state of circumstances, unless the circumstances in proof are similar to those upon which the custom is based, and unless it has been further proved that this custom was generally known.

4th. That the jury cannot take into consideration, in deciding this case, any evidence of a custom amongst physicians as to the person to whom their bills should be charged under the circumstances of this case, or under any state of supposed facts that may have been proposed to the witness by whom such custom may have been proved.

The court gave the first three instructions, but refused to give the 4th, to which refusal the defendant excepted.

The cause having been submitted to the jury, it was agreed that the jury, on finding a verdict, might seal the same and give it to the officer in charge, and thereupon separate and meet the court in the morning.

The jury found a verdict as follows: " We, the jury, find for the plaintiff ;" and sealed the same and gave it to the officer in charge, and thereupon separated.

The court, on opening the verdict, ordered the jury to be called, and informed the jury that there was no verdict in the case ; and thereupon directed them to retire and consider of their verdict, to which the defendant objected, but his objections were overruled, and defendant excepted. The jury having retired, brought in a verdict for the amount of the plaintiff's account.

Notice for a new trial overruled, and exception ; judgment for plaintiff on the verdict.

Defendant brings the case into this court, and assigns for error:

1st. That the court erred in overruling the challenge for cause to the juror, Bolton, and in permitting him to be sworn upon the jury.

2nd. That the court erred in permitting the testimony of Helm, in reference to a custom, to go to the jury, and in not excluding the same from the jury.

3rd. That the court erred in giving improper instructions for the plaintiff.

4th. That the court erred in refusing proper instructions for the defendant.

5th. That the court erred in not discharging the jury after having separated before finding a verdict, and in permitting the jury again to retire and find a verdict.

6th. That the court erred in overruling defendant's motion for a new trial, and in rendering judgment for plaintiff.

W. H. HERNDON, and M. HAY, for Plaintiff in Error.

STUART & EDWARDS, for Defendant in Error.

BREESE, J. The juror Bolton was incompetent, and the challenge should have been allowed. There should be no mistaking the act of 1859, by those who are acquainted with the mischief it was designed to remedy. There had grown up, in our State, a formidable corps of professional jurors; persons who, having no honest means of livelihood, or not resorting to them, if they had, were found, at every term, hanging about the court-houses, importuning the sheriffs and their deputies, and seizing every occasion to be put upon the juries—making their living, in fact, by jury service. If they could not get upon the petit jury, they were content to serve on the grand jury, as the pay was the same; one or the other jury, they would contrive to get on. This disgusting and disreputable eagerness to be upon juries, occurred at every term. The design of the act of 1859, was to put a stop to this, and plainer language could not be used to express the intention. The act declares, "That, hereafter, it shall be sufficient cause of challenge to *any* juror called to be sworn in any cause, that he has been sworn as a juror, at any term of court held within a year prior to the time of such challenge." (Session Laws 1859, p. 154.) This is a sweeping exclusion. Having been sworn as a juror—not in a cause, but "sworn as a juror at a term," is the point of the exclusion. The act intended to break up the profession, and we will aid the law by giving it the most liberal construction to effect that end.

The evidence of the custom, as sought to be proved by Dr. Helm, was not sufficient to establish the custom claimed to exist. The proper office of a custom or usage in business, is to ascertain and explain the intent of the parties, and it cannot be in opposition to any principle of general policy, nor inconsistent with the terms of the agreement between the parties, or against the established principles of law. *Somerby* v. *Tappan*, Wright's Ohio R. 573; *Frith* v. *Barker*, 2 Johns. 335; *Homer* v. *Dorr*, 10 Mass. 28. Besides all, it must be generally known and

established, and so well settled and so uniformly acted upon, as to raise a fair presumption, that it was known to both contracting parties, and that they contracted in reference to it, and in conformity with it. *)* A usage, such as that spoken of by Doctor Helm, and he was by no means certain about it, ought to be like the practice of carrying goods for hire, which cannot be established by proof of one instance, but by an accumulation of instances. It cannot be established by evidence of opinion merely. *Cunningham* v. *Fonblanque*, 25 Eng. C. L. R. 274.

A custom to charge for the insertion of an advertisement in a newspaper cannot be supported, when it appears on its face that the object for which it was inserted, is bad, although no discontinuance of it had been ordered. 1 Rep. S. Car. Const. Ct. 310.

The court say in this case, to establish a usage, it ought to be proved to be so general, uniform and frequent, as to warrant an inference that the party against whom the right is claimed had a knowledge of it, and contracted with reference to it. It will rarely happen that one witness will sufficiently establish a usage. It will generally be desirable, when a particular usage is relied on, to establish it by the testimony of several witnesses; and if it be a well-established usage, as it ought to be, this will not be difficult—and an usage, to be valid, must be reasonable. In regard to a commercial usage, the true test is, its having existed a sufficient length of time to have become generally known, and to warrant a presumption that contracts are made in reference to it. *Smith and Stanley* v. *J. & J. Wright*, 1 Caines' N. Y. R. 44. And this should be the test of all usages claimed. The books are full of cases to this point. *Stevens* v. *Reeves*, 9 Pick. 198; *Wood* v. *Hickok*, 2 Wend. 501; *Dixon* v. *Dunham*, 14 Ill. R. 324.

All the authorities concur in saying, that if usage is relied upon, it must be shown to be ancient, certain, uniform, reasonable, and so general as to furnish this presumption of knowledge by both parties. *Stevens* v. *Reeves*, 9 Pick. 197; *Collins & Co.* v. *Hope*, 3 Wash. C. C. R. 150; *Wood* v. *Hickok*, 2 Wendall, 504; *Rapp* v. *Palmer*, 3 Watts, 178.

Nor is a practice or usage in opposition to the common law, however general it may be, of any force in this State, on the ground of *custom*, because it is not immemorial, that being the essential ingredient of a good custom. Such a usage may, however, be looked to, if well proved, as having been within the contemplation of the parties when they contracted, and may, therefore, be regarded as an exponent of the contract. 7 Leigh, 639.

Nor can the usage of any class of men be established by the testimony of a single witness. *Wood* v. *Hickok*, 2 Wend. 501,

before referred to; *Holwerson* v. *Cole*, 1 Spears, (S. C.) 321. The testimony of Dr. Helm, so far as it went to this point, was very general and unsatisfactory, and fell far short of proving the custom as one known, and generally acquiesced in. He said he did not know how general it was, even in the community in which he lived and practiced. All the testimony on this point should have been withdrawn from the jury, and the second instruction of the plaintiff refused, and the fourth instruction asked by the defendant should have been given.

We do not think the action of the court, in recalling the jury to put in form the verdict they had found, objectionable; certainly not sufficiently so to justify a reversal of the judgment on that account.

For the reasons given, the judgment is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.

*Judgment reversed.*