## Julius Andalman, Plaintiff in Error, v. Chicago & Northwestern Railway Company, Defendant in Error.

### Gen. No. 14,942.

1. BILL OF EXCEPTIONS—*order extending time to file, construed.* An order as follows:· "Complainant's time to file bill of exceptions * * * extended three days" is an extension of three days from the time of the expiration of the previous order.

2. COMMON CARRIERS—*who cannot recover excessive freight.* One who has merely advanced the freight on merchandise shipped and who has received back such advance, has no standing to recover an excess charge.

3. DECEIT—*what essential to maintenance of action.* In order to maintain an action for deceit it must appear not only that the representations relied on were false but also that they were made by the defendant with the intention that they should be acted upon by the plaintiff.

4. EVIDENCE—*when agent's admission not binding.* Admissions of agents made long after the transaction in question and in answer to questions not in the usual course of business, are not competent against the principal.

5. TENDER—*what does not preclude direction of verdict for defendant.* Notwithstanding the transcript of the justice before whom an action was instituted contains the following: "Parties appeared and $16.62 tendered to J. C. Everett, J. P., and turned over to John Richardson, J. P."—a directed verdict for the defendant will be sustained.

FREEMAN, J., dissenting.

Action commenced before justice of the peace. Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 1, 1910.

SAMUEL J. ANDALMAN, for plaintiff in error.

W. S. KIES and GEORGE F. HOLLOWAY, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This action was brought before a justice of the

170     APPELLATE COURTS OF ILLINOIS.

Andalman v. Chicago & Northwestern Ry. Co., 153 Ill. App. 169.

peace and taken by appeal to the Circuit Court, where the court directed a verdict for the defendant, and the plaintiff prosecutes this writ of error to reverse the judgment entered on such verdict.

Defendant in error contends that the bill of exceptions is not a part of the record. The judgment was entered March 11, 1908, and the judgment order concludes as follows: "Sixty days time from this date is allowed plaintiff to file his bill of exceptions." May 9 an order was entered that "plaintiff's time to file bill of exceptions be extended three days." May 14 an order was entered further extending the time for filing bill of exceptions. The contention is that the court had no jurisdiction on May 14 to make an order allowing further time for filing a bill of exceptions. "From" in the original order means after, and the first day of the sixty days allowed by that order was March 12. By the order of May 9 the sixty days was increased to sixty-three. May 13 was the sixty-third day from and after March 11, but under the statute the first day is to be excluded, and the bill might be filed May 14. If the bill might be filed May 14, an order extending the time for filing the bill might be made on that day. We think the bill of exceptions is a part of the record, and that the question whether there is any evidence which, with all reasonable inferences to be drawn therefrom, fairly tends to establish a right of action in the plaintiff against the defendant, is presented for our decision.

One Fisher shipped a carload of rags over a railroad which connected with the road of the defendant, consigned to himself at Chicago, and the defendant brought the car to Chicago. Plaintiff agreed with Fisher to buy said rags at $1.67½ per 100 lbs., Fisher endorsed the bill of lading issued by the receiving carrier and delivered it to plaintiff, and plaintiff presented it at the office of the defendant in Chicago and received from the defendant a freight bill. The bill of lading did not state the weight of the rags in the car.

Andalman v. Chicago & Northwestern Ry. Co., 153 Ill. App. 169.

The freight bill stated that the weight was 37,100 pounds and the freight and charges $49.52. Plaintiff surrendered to the defendant the bill of lading, paid the charges, received the freight bill, gave defendant an order to deliver the car to the Pan Handle Railroad, and paid the switching charges. Afterwards, on the same day, plaintiff paid Fisher for 37,100 pounds of rags and was given the following receipt:

"CHICAGO, ILL., 12/21/1904.

HARRY FISHER,

In account with Mr. Julius Andalman.

37,100 Lbs. rags at $1.67½.................$621.42
To Freight advanced for Fisher, the consignee.   49.52
         Balance,........................$571.90

Received the above amount of $571.90, being the amount due me on the purchase by said Andalman of the above 37,100 lbs. rags, said amount of rags being the weights furnished by Chicago and Northwestern Railway Co. and being the amount upon which freight charges have been paid by me, all of which may be more fully seen by reference to said freight bill hereto attached and made a part hereof.

H. FISHER."

It was stipulated that the car when delivered by defendant to the Pan Handle Company contained only 26,500 pounds of rags, and plaintiff in error contends that the evidence fairly tends to show a right of action against defendant for the amount paid by him to Fisher for 10,600 pounds of rags, the difference between the weight of the rags stated in the freight bill and the amount of rags in the car when delivered by defendant.

As to plaintiff's right of action against the defendant for the freight collected in excess of the amount it was entitled to collect on the rags delivered, it is sufficient to say that plaintiff did not pay the freight on said rags. He only advanced the amount stated in the freight bill for Fisher, the amount so advanced was deducted from the purchase price of the rags in his settlement with Fisher, and plaintiff has no right

172 APPELLATE COURTS OF ILLINOIS.

Andalman v. Chicago & Northwestern Ry. Co., 153 Ill. App. 169.

of action against defendant for the money so advanced by him for Fisher.

If the evidence tends to prove any right of action in the plaintiff against the defendant, that action is an action on the case for deceit. The car was in the possession of the defendant. The freight bill delivered to the plaintiff stated that the weight of the rags in the car was 37,100 lbs. On the face of the bill was a statement of the "gross weight," the "tare" and the "net weight" of the car. The defendant's situation and means of knowledge were such as to make it the duty of the defendant to know the weight of the rags in the car, to know whether the statements of the freight bill were true or false. The plaintiff had not the present opportunity to test or verify the statements of the freight bill and therefore had a right to rely on such representations. Endsley v. Johns, 120 Ill. 469.

But it is not enough to give plaintiff a right of action against the defendant that the statements of the freight bill as to the weight of the rags were false, known by the defendant to be false, and were relied on by the plaintiff to his damage. To make such statements actionable plaintiff was bound to prove an intention on the part of the defendant that such statements should be acted on by the plaintiff. A representation may be made with a view to its being acted on by any one of a class, and to recover in such a case the plaintiff need only bring himself within the class. The plaintiff presented to an agent of the defendant the bill of lading endorsed by Fisher, the consignee. Nothing was said by plaintiff to any representative of the defendant as to any negotiation between plaintiff and Fisher, or as to any purpose or intention on the part of the plaintiff to pay for said rags, or to do any act in respect thereto. All that the evidence shows is that plaintiff surrendered the bill of lading, received the freight bill, paid the amount therein claimed, and gave an order for the delivery of the car.

The contention of plaintiff in error that from the evidence the jury might properly find that there was a custom among junk dealers in Chicago to buy carloads of rags on statements contained in freight bills furnished by railroad companies, and that such custom was known to the defendant, cannot be sustained.

The only evidence tending to prove a custom or usage was the following testimony of the plaintiff:

"Q. Were you acquainted with the customs existing between people in your line of business—junk dealers?

A. I was.

Q. State whether or not there was any custom among the people in your line of business—junk dealers—about buying carloads of freight, carloads of rags, on statements contained in freight bills furnished by railroad companies?

A. Always  *  *  *  I did know it and it was always the custom to buy.

Q. Was there or was there not such custom?

A. There was."

The only evidence tending to show knowledge of a custom by defendant was testimony as to admissions by agents of the defendant made long after the transaction in question and made in answer to questions and not in the usual course of business, and therefore not admissible. In Bissell v. Ryan, 23 Ill. 566, it was held that a custom could not be established by a single witness. The evidence is clearly insufficient either to establish a custom or to show that defendant had any knowledge of a custom.

The fact that the payment of the purchase price to Fisher was shown to have been caused by the false statements in question, affords no evidence of an intention on the part of the defendant that such statement should be acted on by the plaintiff. Bigelow on Fraud, chap. IV.

In Pasley v. Freeman, 3 Term 51, the right of one damaged by the false representations of another, made

with intent to deceive and known to be false, to have his action on the case for deceit, notwithstanding the offender was not benefited by the deceit, and did not collude with the person benefited, was first stated. In his opinion in that case Ashurst, J., said, p. 63: "But it is said that if this be determined to be the law, any man may have an action brought against him for telling a lie by the crediting of which another happens eventually to be injured. But this consequence by no means follows; for in order to make it actionable, it must be with the circumstances averred in this count, namely, that the defendant 'intending to deceive and defraud the plaintiffs, did deceitfully encourage them to do an act, and for that purpose made a false affirmation, in consequence of which they did the act.'" In Bigelow on Torts, p. 526, it is said: "It follows that where a party complains of false representations, whereby he was caused to suffer damage in a transaction with some third person, it devolves upon him to show expressly that the alleged wrongdoer intended, or, what is the same thing, that he may reasonably be supposed under the circumstances to have intended, that the plaintiff should act upon the misrepresentation; and that it is not enough to prove that the misrepresentation was made with knowledge of its falsity." In this case there is no evidence tending to show that defendant either intended, or may reasonably be supposed to have intended, that the plaintiff should act on the statements of the freight bill as to the weight of the rags, and therefore no evidence fairly tending to establish a right of action on the case for deceit.

The transcript of Justice Richardson, before whom the case came on a change of venue from Justice Everett, contains the following: "Parties appeared and $16.62 tendered to J. C. Everett, J. P., and turned over to John Richardson, J. P." We do not think that this statement as to the tender made it improper

for the judge of the Circuit Court to direct a verdict for the defendant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

Mr. Justice FREEMAN dissenting.