ANDREW M. GANONG ET AL. *v.* JOSEPH H. BROWN.

[40 South. Rep., 556.]

1. CONTRACTS. *Construction. Entire or divisible.*

Whether a contract is entire or divisible must be determined not from a single term or sentence, but from a consideration of the whole agreement.

2. SAME. *Partial performance. Concrete case.*

Where plaintiffs entered upon the performance of a contract to paint and paper a house for a designated sum to be completed in good workmanlike style, work to begin and be finished as soon as possible, and before the completion of the work, without plaintiffs' fault, the house was destroyed by fire, plaintiffs can recover the value of the materials and labor put by them upon the house before its destruction, it appearing that before the fire they gave an order on defendant for a partial payment and defendant had collected fire insurance on the house equal to what would have been its full value had it been completed.

FROM the circuit court of Grenada county.

HON. J. T. DUNN, Judge.

Ganong and others, copartners under the firm name of Ganong & Chenoweth, the appellees, were the plaintiffs in the

court below.  Brown, the appellee, was defendant there.  From a judgment in favor of defendants the plaintiffs appealed to the supreme court.

Ganong & Chenoweth made a contract with Brown to paint and paper a house, the contract providing that the work was "to be completed in good, workmanlike style for the amount set opposite, $775. . . . . Work to begin and to be finished as soon as possible."  While plaintiffs were engaged in the work the building was destroyed by fire.  Plaintiffs had expended $323.25 for material and labor up to the time the house was destroyed. Brown had the building insured as a completed building, with the permission of the insurance company to finish the same, and was paid by the insurance company the full amount for which the building was insured.  Plaintiffs demanded of the defendant the payment of the amount expended by them for material and labor, and upon failure of defendant to make settlement filed their suit, alleging in the first count of their declaration that the "insurance paid to Brown represents the value of the building as it was at the time of its destruction, which value was made in part by the labor done on and material furnished in said building by plaintiffs, and that said defendant has money representing their labor and material as put on said building, yet they are refused payment," etc.  The second count alleges an indebtedness of defendant to plaintiffs for work and labor done and material furnished, etc.  A bill of particulars and the contract were attached to the declaration. Defendant demurred to the first count of the declaration, assigning that the plaintiffs entered into an entire and indivisible contract, and undertook to complete the work ånd furnish the material used, and failed to comply with their contract, and, further, that the said first count fails to show that defendant accepted plaintiffs work and material, and that plaintiffs had no right to or interest in the proceeds of the insurance policy, which was a personal contract between defendant and the in-

surance company. This demurrer was sustained by the court. Defendant pleaded the general issue to the second count. After hearing the testimony for the plaintiffs the court below gave a peremptory instruction for the defendant.

*S. A. Morrison,* for appellant.

Whether a contract is entire or severable depends upon the intention of the parties. *Pollock* v. *Buch Electric Ass'n,* 128 U. S., 446; *Morris* v. *Wybaugh,* 159 Ill., 627; note to *Champlin* v. *Rowley,* 18 Wend., 194; *Moore* v. *Bennett,* 40 Calif., 251; *State* v. *Jones,* 21 Nev.; 510; *Southville* v. *Beesley,* 5 Ore., 458; *Wellville* v. *Dueise,* Ohio St., 333; *Hutchins* v. *Sutherland,* 22 Nev., 363; *Steine* v. *Bodine,* 60 Pa. St., 267; Cyc., vol. 6, pp. 7, 8, 9, "Building Contracts," and cases cited on p. 9.

An overseer's contract for one year, for the sum of $650, to be paid at the expiration of the year, held not an entire contract. *Harrison* v. *Sale,* 6 Smed. & M., 634.

The intention of the parties is the soul of the contract. *Taylor* v. *Hart,* 73 Miss., 22 (s.c., 18 South. Rep., 546).

The pole star which guides the court to the equitable understanding and adjustment of the parties; and this intention is discovered (a) by the language employed; (b) whether the consideration is a lump sum or apportionable; (c) the circumstances surrounding the parties at the time of the contract (*Levy* v. *Dyess,* 51 Miss., 501); (d) and above all by the construction the parties place upon the contract by their subsequent acts (*Ramsey* v. *Brown,* 77 Miss., 124; s.c., 25 South. Rep., 151); *Columbia* v. *Gallager,* 124 U. S., 505; *Katz* v. *Bedford,* 77 Calif., 319; *O'Dea* v. *Winona,* 41 Minn., 424); (e) and in working contracts, whether the work depends for completion on the labor of another workman not under the control of the suing contractor. *Hollis* v. *Chapman,* 36 Texas, 1.

Now let us take up this intention by these *initia* and see to what it leads.

(a) The language employed: "To be completed in a workmanlike style for the sum set opposite" is not an absolute term, phrase or sentence, meaning that nothing is to be paid until the job was finished. The word completed in the sentence does not refer to a limit of time with regard to payment, but means that the work throughout was to be done in a workmanlike manner, and not that it was to be finished as an entire job before payment.

"Whether a contract is entire or divisible cannot be determined by a single term, phrase or sentence, though the same be large enough to include such meaning, unless throughout the whole agreement the surrounding circumstances, good sense and justice of the case, it definitely appears that it was the intention of the parties to the contract that it should be entire and indivisible." *Bailey* v. *DeCrespany,* L. R., 4; Q. B., 180.

(b) The consideration: While the consideration of $775 is a lump sum and the only amount inserted (out of place) in the specifications, yet this sum was made up of the following items: (1) papering the house, $280; (2) painting house, $350; (3) creosoting the roof (which was finished), $90; (4) extras within the house, $55. Each party to the contract knew the basis on which the whole was calculated, item for item. If the consideration can be apportioned, it is the duty of the court to apportion it whether the parties have done so or not. *Dibol* v. *Minot,* 9 Iowa, 403; *Spear* v. *Snider,* 20 Minn., 463; *McMaster* v. *State,* 108 N. Y., 542; *East Union Tp.* v. *Comrey* (Pa.), 9 Atl. Rep., 290; *Briggs* v. *Titus,* 7 R. I., 441.

(c) As to the conditions and circumstances surrounding the parties at the time of the contract: We find that Ganong is a laboring man, dependent solely for his daily bread upon his daily labor; that he employed laborers like himself, whom he paid off on Saturdays. For him to have entered into a con-

tract that he was not to receive anything until he had finished the job, would have simply put him out of business. He was compelled to have part pay for part performance in order to finish the part remaining; this is the custom here and nearly everywhere else, as a glance at the various decisions from sundry courts will show. It is therefore absurd to suppose that Ganong entered into any such contract as that claimed by the appellee. If each individual case is to be decided by the application of common sense, then in this case by such application must be given to the plaintiff.

(d) The interpretation the parties placed upon the contract by their subsequent acts: It is very evident that Ganong did not consider this an entire contract, because the day before the fire we see him giving an order on Brown in favor of Guy & Pressgrove for material in the sum of $70; this action taken before the fire shows how Ganong construed his contract. But how about Brown? A few days before the fire we find him insuring the property "as of a finished building," thus asserting openly and for his own benefit that the property was his —the entire building; on this policy he drew $5,000 full payment of his whole loss, to which he was entitled as of a finished building. This act on the part of Brown wholly rebuts his present contention. *Partridge* v. *Forsythe,* 29 Ala., 200. By the peculiar phraseology of his insurance contract he not only accepted all work done up to the date of the contract with the insurance company, but all that might follow thereafter in case of destruction of the property. He cannot say to the man, who by his labor and material brought his house to that degree of completeness which enabled him to insure it as a finished building; "Your labor and your material, on which I have drawn money from the insurance company as my own, are not in fact mine, as I swore they were, but they are yours and you must bear the loss. Because my loss is not as great as it would have been had your contract been completed, I will not pay

you anything. The house was mine until I drew the insurance, then it was yours." To sustain the above, see *Partridge* v. *Forsythe,* 29 Ala., 200; *Cook* v. *McCabe,* 53 Wis., 250.

(e) Furthermore, the work of Ganong depended for completion on the labor of other workmen not under his control; for this reason alone it is apportionable. *Hollis* v. *Chapman,* 36 Texas, 1.

Conceding the contract to be entire and indivisible, does it fall under either of the three well-recognized exceptions to the general rule of such contracts? If so, what are the rights of the parties?

On two out of three of these exceptions our court has already passed, holding in each case as I now contend.

Exceptions to the general rule, "that a man must do what he contracts to do or pay damages for not so doing," *Water Company* v. *Knappman,* 49 L. R. A., 572 (N. J.):

1. Where performance is prevented by the operation of the law.

(a) Rights of the parties; neither can recover damages for the breach, but the workman recovers for his labor and material at the contract rate to the time when the law intervenes and prevents further performance. *Whitfield* v. *Zellnor,* 2 Cush., 663.

2. Where death or sickness prevents the skilled workman from bringing his particular skill to bear in carrying out his contract.

(b) Rights of the parties; neither can recover damages of the other for the breach, but the workman or his estate recovers at the contract rate for his labor to the happening of the event, which makes further performance impossible. *Clifton* v. *Clark,* 83 Miss., 443 (s.c., 36 South. Rep., 251).

For "Act of God" in another form, see *Walton* v. *Hollis,* 16 South. Rep., 260.

3. Where the parties contract on the basis of the continued

existence of a certain thing, the existence of which is necessary to the fulfilment of the contract, and the thing is destroyed without fault on the part of the workman.

(c) What are the rights of the parties? Neither can recover damages for the breach, but the workman recovers at the contract rate for his labor and material to the happening of the event which makes further performance impossible. *Butterfield* v. *Byron,* 153 Mass., 517 (12 L. R. A., 571); *Cleary* v. *Soheir,* 120 Mass., 210; *Lord* v. *Wheeler,* 1 Gray, 282; *Wells* v. *Calnan,* 107 Mass., 514; *Cook* v. *McCabe,* 53 Wis., 250; *Schwartz* v. *Saunders,* 46 Ill., 18; *Ransom* v. *Clark,* 70 Ill., 656; *Clark* v. *Busse,* 82 Ill., 515; *Weis* v. *Devlin,* 67 Texas, 507 (60 Am. Rep., 38); *Clark* v. *Franklin,* 7 Leigh, 1; Current Law, "Implied Contracts," vol. 2, 288, notes and cases cited; *Gaylon* v. *Ketchen,* 85 Tenn., 55; *Wilson* v. *Knott,* 3 Humph., 473; *Niblo* v. *Binsse* (N. Y.), 1 Keys, 476; *Hayes* v. *Gross,* 162 N. Y., 610; *Dolan* v. *Rogers,* 149 N. Y., 481; *Hindrey* v. *Williams,* 9 Colo., 371; *Hysell* v. *Mfg. Co.,* 46 West Va., 158 (30 Am. & Eng. Ency. Law, 1251); "Working Contracts" and cases cited; *Gilbert* v. *Mauman,* 1 Taunt., 137; *Rhodes* v. *Hinds,* 79 App. Div., 379 (N. Y.); *Board of Ed.* v. *Townsend,* 15 Ohio Cir. Ct., 674; *Crump* v. *Rebstock,* 2 West. Rep., 411; *Fleorke* v. *Fisher,* Distr. Co., 2 West. Rep., 421; *Hargroves* v. *Conroy,* 19 N. J. Eq., 281; *Hollis* v. *Chapman,* 36 Texas, 1 (15 Am. & Eng. Ency. Law, 1090).

The tendency of modern decisions is to introduce more equitable rules for the purpose of carrying out the intention of the parties. *King Philips Mill* v. *State,* 19 R. I., 82 (34 Am. Rep., 603); *Leonard* v. *Dyer,* 68 Am. Dec., 382.

Not only did Brown accept this work by taking insurance on it, but he also received direct benefit therefrom. In all cases where the contractor has acted in good faith and completion is rendered impossible, or if the part done has been accepted, he may recover for the benefit conferred. *Quinn* v. *U. S.,* 99

U. S., 30; *Florence Gas Co.* v. *Hanby,* 101 Ala., 15; *Bertram* v. *Byrd,* 5 Ark., 651; *Hunt* v. *Elliott,* 77 Calif., 588; *Boushe* v. *Finucane,* 8 Colo., 192; *Pinches* v. *Lutheran Church,* 55 Conn., 183; *Beha* v. *Ottenberg,* 6 Mackey (D. C.), 348; *Ford* v. *Smith,* 25 Ga., 657; *Wadleigh* v. *Sutton,* 6 N. H., 15; *Feeney* v. *Bardsley,* 66 N. J. L., 239; *Smith* v. *Brady,* 17 N. Y., 173; *Dickson* v. *Gravely,* 117 N. C., 84; *Mehurin* v. *Stone,* 37 Ohio St., 56; *Gove* v. *Mercantile Co.,* 10 Ore., 363; *Gallager* v. *Sharpless,* 134 Pa. St., 134; *Woodruff* v. *Thomas,* 2 Spears L. (S. C.), 148; *Winters* v. *Fleece,* 4 Lea. (Tenn.), 546; *Bourke* v. *House* (Texas), 50 S. W. Rep., 1022; *Gilman* v. *Hall,* 11 Vt., 510; *Baltimore R. R. Co.* v. *Lafferty,* 2 West Va., 104; *Trowbridge* v. *Barrett,* 30 Wis., 661.

*William C. McLean,* for appellee.

There are but two questions presented by the record: First, whether the person who has made an entire contract can without performing the contract recover on the common counts; second, whether the plaintiff is entitled to any of the money derived by the defendant from the contract of insurance made by defendant with the insurance company.

First. This question is no longer a debatable one in this state. It was decided by this court in *Wooten* v. *Reed,* 2 Smed. & M., 585, that an entire contract of this character could not be apportioned, and the party guilty of the breach of the contract could not recover at all; he could not recover on the special contract, because he did not perform it; nor could he recover upon a *quantum meruit,* or a *quantum valebat,* as the circumstances may be, because of the existence of the special contract. This has been a well settled rule in this state for a half century, and this ruling was reaffirmed by this court in *Timberlake* v. *Thayer,* 71 Miss., 279 (s.c., 14 South. Rep., 446).

There is some conflict among the authorities outside of this

state upon this question. In the voluminous notes to *Huyette Co.* v. *Chicago Co.,* 167 Ill., 233 (s.c., 59 Am. St. Rep., 273), will be found a collection of all the authorities bearing upon this question. A careful analysis of the cases cited, together with the notes of Mr. Freeman, will disclose the fact that there are but two states in the Union where the ruling of this court is denied, to wit., Texas and Massachusetts.

It would be a waste of time to discuss this question because the ground has been traveled over time and time again, not only in the American courts, but by the courts in England, and, as said above, the rule is well settled that an entire contract is indivisible. The whole must stand or fall together, and if for any reason the party who makes an entire contract fails to perform it, he cannot recover upon the entire contract because he has not performed it, nor can he recover upon the common counts because of the special contract.

Appellants also argue the proposition upon the ground that since the building was destroyed by fire without their fault, they should recover. This is old ground often traveled over before, and the rule is universal that "where the party by his agreement voluntarily assumes or creates a duty or charge upon himself, he shall be bound by his contract, and the nonperformance of it will not be excused by accident or inevitable necessity, for if he desires any such exception he should have provided for it in his contract. 59 Am. Rep., 275, and also notes on p. 281, *et seq.*

There is a vast difference between failure to perform a contract by reason of inevitable accident and where the failure to perform is by reason of the act of the law. In the former there is no exception; in the latter there is. It was the duty of the appellants to have inserted in the contract a provision excusing them from any performance of the contract in the event of inevitable accident. This has long been the settled law of this state. *Jennison* v. *McDaniel,* 25 Miss., 82.

Second.   Counsel for appellants seek recovery upon the idea that the defendant had his property insured and that he obtained a benefit from the work and labor done and materials furnished by the plaintiffs.   The rule has long since been settled in this state and others that the insurance is not the proceeds of the property.   *Smith* v. *Ratcliff*, 66 Miss., 683 (s.c., 6 South. Rep., 460).   In their nature policies of insurance are not incidents of the property.   They are contracts between insurers and assured for indemnity of the assured, and not for loss or damages which another person may have sustained because of the destruction of the property, no matter what the interest of that person may be as mortgagee, creditor or otherwise.   If any other person has an interest in the property he may insure for himself; nor can he set up a claim to money which has become due to another, unless that other be his debtor and the money is garnished or attached.   *Bernham* v. *Beer*, 56 Miss., 152.

Argued orally by *S. A. Morrison,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

We do not think the contract in this case was an entire one. We approve the statement of the law on this subject announced in *Baily* v. *DeCrespany,* L. R., 4, Q. B., 180, which is as follows: "Whether a contract is entire or divisible cannot be determined by a single term, phrase or sentence, though the same be large enough to include such meaning, unless throughout the whole agreement, the surrounding circumstances, and good sense and justice of the case it definitely appears that it was the intention of the parties to the contract that it should be entire and indivisible."   Applying this principle to the writing in the case, to all the circumstances surrounding the making of the contract, we do not think that this contract can be properly held to be an entire contract.   It was well said by counsel for appellant that the word "completed," in the phrase

"to be completed in a workmanlike style for the sum set opposite," does not mean that nothing is to be paid until the job is finished, does not refer to a limit of time with regard to payment, but means that the work throughout is to be done in a workmanlike manner. After the appellant had put great value into the building by his labor and materials, the building without his fault was destroyed by fire. The day before the fire Ganong gave an order on Brown in favor of Guy & Pressgrove for material in the sum of $70. While it is true that Brown did not pay this, it is a very pregnant circumstance, showing Ganong's construction of the contract and conduct under it. A few days before the fire Brown insured the property "as a finished building" for his own benefit. This was equivalent to a declaration that the entire property was his, and he received $5,000 insurance, full payment on the whole loss, the property being treated as a finished building. *Partridge* v. *Forsythe,* 29 Ala., 200.

It would be in the highest degree inequitable to permit Brown, with the full value of the building, treated as a completed and finished building, in his pocket, to refuse payment to appellant for the labor and materials which put the building into a condition so far finished as that Brown and the insurance company dealt with it as completely finished. *Cook* v. *McCabe,* 53 Wis., 250 (10 N. W. Rep., 507; 40 Am. Rep., 765). The authorities are so well collected in the brief of counsel for appellant that we will content ourselves with a simple reference to them. We think the plaintiff is entitled to recover.

*The judgment is reversed, and the cause remanded.*