## CLARK *v.* TILL.

(Division B. Feb. 1, 1937. Suggestion of Error Overruled Mar. 1, 1937.)

[172 So. 133. No. 32553.]

892

**Harold Cox** and **Aubrey Fulton,** both of Jackson, for appellant.

**Truly & Truly,** of Fayette, for appellee.

Argued orally by **Harold Cox,** for appellant, and by **E. W. Truly,** for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Appellant brought suit in the circuit court of Jefferson county for the sum of nine hundred seventy-six dollars for work performed in repairing a garage for the appellee, Charles A. Till, which building was destroyed by fire without the fault, so far as the record shows, of either the appellant or the appellee. The work had been partially completed, and the completed portion had not been inspected or accepted by appellee.

The contract for said work was made by correspondence. The first letter from appellant to appellee was a proposition to furnish all materials and labor necessary to reroof completely both one and two story roof areas with four-ply Barrett Black Diamond fifteen-year bonded built-up roof completely with all necessary flashings of galvanized base and cap (unbonded), or Barrett's seven-course plastic elastigum system of flashing, bonded fifteen years, also new galvanized scuppers cutlets, new galvanized bases for existing ventilators, new metal scupper lids, all complete for the lump sum of one thousand twenty-seven dollars and fifty cents. This letter also provided that if the same roof was wanted with a ten-year bond the sum of twenty-seven dollars and fifty cents might be deducted.

This letter also provided that if the same roof was wanted without bond the sum of eighty-two dollars and fifty cents might be deducted, and the offer was made therein to furnish all materials and labor needed to repair and replace all defective sheathing on the entire roof area for the sum of —— dollars, no bid being made, and to furnish material and labor necessary the cement plaster on the inside and top of all parapet walls by knocking off the loose plaster and patching places where it was removed, making a complete hard protected surface on all walls, priming all surfaces with asphalt primer, and coating same heavily with a uniform coating

of hot pitch, for the sum of one hundred twenty-seven dollars and fifty cents, and to cover vertical walls between one and two story roofs with galvanized corrugated roofing, with proper laps and carefully flashed around window openings, for the sum of thirty-one dollars.

Thereafter another supplementary letter was sent to appellee proposing to furnish labor and materials to do the plastering and coating of inside walls, by knocking all old plaster off of the three front and side walls, and replaster same with one-half inch cement plaster, the top of the wall to be beveled or rounded to form a watershed, and on the rear two-story part to knock off all loose plaster and replaster all places where cement was removed to make a completely solid surface of hard plaster, all to be done in a first-class manner by first-class plasterers, and to be coated with concrete primer and the top mopped with a heavy uniform coating of high melting, hot pitch, all for the sum of one hundred twenty-seven dollars and fifty cents. As an alternate thereto, this letter offered to complete the plaster work as described on the rear two-story part of the building and on the inside of the three front walls in the same manner, but to install salt-glazed terra-cotta wall coping for the sum of two hundred sixteen dollars.

On June 5, 1936, the appellant wrote another letter to the appellee confirming the agreement made by telephone, and proposing to do the work outlined in the letters of June 2, and June 3, above referred to, and providing to furnish labor and material to apply a four-ply Barrett Black Diamond fifteen-year bonded built-up roof over both the one and two story rear roof areas, with all necessary flashings around all walls, etc., of twenty-six-gauge galvanized iron base and cap flashing, also new galvanized scupper outlets, new galvanized bases for existing ventilators, new metal scuttle lid, etc., and that it was understood that no bonded flashing guaranty was to

be given on the metal flashing systems or other sheet metal work, but the appellant agreed to give a personal guaranty on these items for two years. This letter further stated that before the built-up roof would be applied, appellant would furnish sheathing and carpenter labor necessary to repair defective sheathing, and to remove and replace with good lumber in such places where bad sheathing is removed, and to felt over the old roof with new thirty-pound felt, and to carry on the work in such manner as not to expose the building to the elements while the work was in progress. It was also provided that the appellant would furnish labor and material necessary to cover the vertical walls between the one and two story roof with galvanized corrugated roofing properly applied and to be carefully flashed around window openings, and should there be any defective sash, or broken glass, in these windows, this would not be included in the work. It was further provided that appellant would furnish labor and material necessary to do cement plastering and coating of top and insides of all parapet walls as outlined in the letter of June 3, and that it was understood that appellee would pay appellant, upon completion of the work, the aggregate lump sum of the following: For the built-up roof and flashing, scupper outlets, ventilator bases, scuttle lid, etc., and the necessary repairs to sheathing and carpenter work, the sum of one thousand twenty-seven dollars and fifty cents; for covering of vertical walls between the one and two story buildings, the added sum of thirty-one dollars; for the cement plastering of top and insides of parapet, and for coating with primer and pitch moppings, the added sum of one hundred twenty-seven dollars and fifty cents; or, in other words, for the complete work, as outlined, the lump sum of one thousand one hundred eighty-six dollars.

It seems that the roof and outside work was according to the appellant's view, completed on July 4, 1936, but

insurance guaranteeing same had not been obtained, and the work had not been inspected, and no payment had been applied for as the work progressed, and the inside work had not been begun.

The appellee refused to pay for the work on the ground that the contract had not been performed, and that he would only become liable when the work was completed and the contract carried out in full.

It appears from the evidence that prior to the work, the building had been insured for twenty thousand dollars, which was later reduced to fifteen thousand dollars, and later to ten thousand dollars. The testimony of appellee also showed that prior to its destruction the building was worth largely in excess of ten thousand dollars, and that he suffered a loss on the building in excess of this insurance, and that neither he, nor the appellant, had procured any insurance for the work as it was being done.

It is the appellant's theory that the contract is a divisible one, and that it was entitled to recover one thousand twenty-seven dollars and fifty cents for the work done, less eighty-two dollars and fifty cents for insurance which the appellant was expected to furnish under the contract as a guaranty that the roof would last for fifteen years.

The appellee insists that the contract was an entire one, and that no liability would accrue until the work was fully completed in accordance with the contract.

Whether the contract is divisible, or is entire, cannot be determined by a single term or sentence, unless by the surrounding circumstances and good sense it is shown that the intention of the parties was that the contract should be entire and indivisible. Ganony v. Brown, 88 Miss. 53, 40 So. 556, 117 Am. St. Rep. 731.

Various covenants in a contract will be deemed dependent unless the intention of the parties is gathered from the whole instrument so clearly as to make it inde-

pendent. Peques v. Mosby, 7 Smedes & M. 340; Robinson v. Harbour, 42 Miss. 795, 97 Am. Dec. 501, 2 Am. Rep. 671, which overruled McMath v. Johnson, 41 Miss. 439.

The presumption is that all stipulations in a contract are dependent. New Orleans & N. E. R. R. Co. v. Poplarville Sawmill Co., 132 Miss. 757, 96 So. 467.

Applying the principles announced in these decisions to the case at bar, we are of the opinion that the contract is an entire and not a divisible one. We think it was within the contemplation of the parties that the contract was to be fully performed by the appellant before the appellee was to be called upon to pay for the work, and that the appellee was not responsible for the value of the work done which was destroyed by fire.

We also think that a fair test of determining whether the contract was entire or divisible would turn upon whether the contractor could complete a part of the contract, and abandon the rest, and then recover for the completed part. If it was a divisible contract in part, and an independent one in another part, the contractor, when one part was completed, could recover therefor, although he refused to carry out his contract as to the other parts.

There are cases in other jurisdictions which hold to the contrary, but it seems to us that the above decisions govern here, and that it is not necessary to review the decisions of other states which may turn upon local statutes, or other considerations, not applicable in this state.

The judgment of the court below, being in accordance with these views, is affirmed.

Affirmed.