PLANTERS LUMBER Co. *v.* TRINITY UNIVERSAL INS. Co.

(In Banc. Oct. 27, 1941. Suggestion of Error Overruled Nov. 24, 1941.)

[4 So. (2d) 300. No. 34693.]

Chambers & Trenholm, of Jackson, for appellant.

**Lotterhos & Travis** and **Vardaman S. Dunn**, all of Jackson, for appellee.

880

**Anderson, J.,** delivered the opinion of the court.

Appellant, Planters Lumber Company, brought this action against appellee, Trinity Universal Insurance Company, to recover the sum of $2,415.21 on a fidelity bond executed by Elizabeth Young, Secretary-Treasurer of the Lumber Co. as principal, and the Insurance Co. as surety. The basis for recovery is that Miss Young embezzled the amount sued for while occupying that position with appellant, the liability for which was covered by the fidelity bond. The evidence showed without dispute that she was guilty of the embezzlement. The trial resulted in a verdict for the Insurance Co. and judgment accordingly, from which judgment the Lumber Co. prosecutes this appeal.

The Lumber Co. made a written application to the Insurance Co. for the execution of the bond. In the application certain representations of existing facts were made, and in addition certain promissory representations as to how the Lumber Co. would conduct its business in the future. Those representations along with the premiums to be paid were the consideration for the execution of the bond. The defense of the Insurance Co. is that they were breached by the Lumber Co.

The first paragraph of the application for the bond is in this language: "The following information is given to the Surety by the Employer for the purpose of enabling the Surety to decide with full knowledge of the facts whether or not to furnish the desired suretyship."

Among the representations in the application are the following: "24. How often will complete audit be made of the cash, securities and accounts? Two to four times annually. By whom? T. Albert Ross, Certified Public Accountant, Deposit Guaranty Bank Building, Jackson, Mississippi.

"25. When was the last audit made? December 31, 1937. By whom? T. Albert Ross, Certified Public Accountant, Jackson, Mississippi.

"26. Are statements prepared and sent to customers by someone other than the employee? Yes. If so, how often and by whom? T. Albert Ross, Certified Public Accountant.

"28. Has any examination or inventory ever revealed a shortage in this or a similar position? No. If so, give particulars on separate sheet."

The evidence without conflict showed the falsity of the answer to Question 28. The facts were that two previous secretaries-treasurers, employed by the Lumber Co., had embezzled the aggregate of approximately $10,000. Those facts, however, were known to the Insurance Company's State Agent, Reid, at the time the application was made and the bond issued. Both the application and the bond passed through his hands for delivery. The lower court held under Section 5196, of the Code of 1930, that his knowledge was that of the Insurance Co. and therefore the falsity of that representation would not defeat a recovery. That action of the court is the basis of a cross-assignment of error by the Insurance Co. We do not pass on that question because we have reached the conclusion that there should be an affirmance of the judgment based on the breach by the Lumber Co. of the promissory representations.

The evidence showed with little, if any, conflict that the habit of the Lumber Co. was to have only one audit made annually and that that course was pursued during the life of the bond. In other words, instead of from two to four audits annually, as stated in the answer to Question 24, there was only one; and furthermore, that the customers of the Lumber Co. were not circularized at all in order to ascertain the status of their accounts. The answer to Question 26 was that that was being done and by "someone other than the employee."

The application for the bond and the execution of the bond constituted one transaction. They were inter-dependent. Although the application is not referred to in the bond, the latter is referred to in the application.

In the first paragraph of the application it will be observed that the statements of fact therein made as well as the promissory representations are information given to "the surety by the employer for the purpose of enabling the surety to decide with full knowledge of the facts whether or not to furnish the desired suretyship." The evidence tended to show that they were material representations; that if they had been true the embezzlement probably would not have occurred, and furthermore, that the bond would not have been executed except for the reliance thereon by the Insurance Co.

It is immaterial whether the representations were made fraudulently or in good faith. Their falsity defeats a recovery by the Lumber Co. The controlling principle is stated in American Law Institute, Contracts, Section 90: "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Id. Sec. 279; United States F. & G. Co. v. Downey, 38 Colo. 414, 88 P. 451, 10 L. R. A. (N. S.), 323, 120 Am. St. Rep. 128; Stipcich v. Life Ins. Co., 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895. There is no Mississippi case directly in point. If the Missouri Court decided to the contrary in Grand Lodge v. Massachusetts Bonding Co., 324 Mo. 938, 25 S. W. (2d) 783, we decline to follow that decision; we think it unsound.

The proposition that the application and bond constitute one contract, not two, is held in the affirmative by the following authorities: Nonantum Inv. Co. v. Maryland Cas. Co., 1 Cir. 1932, 56 F. (2d) 329; Floyd v. Arky, 89 Miss. 162, 42 So. 569; Clark v. Till, 177 Miss. 891, 172 So. 133.

The fact that the bond was delivered four days before the application was delivered is immaterial. The whole transaction went through the office of Reid, State Agent. When the bond was delivered the parties knew that the

application was forthcoming and what is contained. Furthermore, under the terms of the bond the Ins. Co. had the right to cancel it if the proper application had not come in. American Bonding Company v. Burke, 1906, 36 Colo. 49, 85 P. 692.

Affirmed.

**Alexander, J.,** not participating.