BARKDULL, Chief Judge.
Appellants, defendants in the trial court, appeal a declaratory decree rendered against them adjudicating them liable to the appellee in the sum of $6,000.00.
It appears, from the record, that this controversy arose out of a letter dated May 17, 1962, which reads as follows:
“Mr. George L. Jackman
3300 N. W. North River Dr.,
Miami, Florida
Re: Mortgage from Key Marble, Inc to Mr and Mrs. Baruch
Dear Mr. Jackman:
Receipt is hereby acknowledged of the sum of Six Thousand ($6,000.00) dollars, by check subject to collection, to apply against the principal and interest payment on the above captioned mortgage that was due at the end of the grace period after April 22, 1962.
It is hereby agreed that if Key Marble fails to pay the balance ($7,000.00), plus Five Hundred ($500.00) on [signed] R. White or before June 6, 1962, then Mr. and Mrs. Baruch are to retain the Six Thousand ($6,000.00) Dollars this day paid. The purpose of the $500.00 is to cover additional interest accrued and for attorneys fees incurred when this matter was turned over to this office for collection.
Very truly yours,
[s] Robert R. White
Robert R. White
the terms of the above are accepted for Key Marble, Inc., by the undersigned as its attorney.
[s] George L. Jackman George L. Jackman”
*326 Accompanying this letter was a check for $6,000.00, made payable to Robert R. White and drawn by The Exchange Corporation. At the time the letter was executed, Key Marble, Inc. [represented by Jackman] was in default on a note secured by a mortgage given to parties named Baruch [who were represented by White]. Subsequent to the June 6, 1962 date referred to in the above-quoted letter, the Baruchs foreclosed their mortgage against Key Marble, Inc., which resulted in a foreclosure decree without any credit being given to Key Marble, Inc., for the payment of the $6,000.00. Thereafter, The Exchange Corporation brought the instant action, based upon a breach of the letter agreement because of the failure of the Baruchs to give a credit for the $6,000.00 in the foreclosure proceeding. We reverse.
The Exchange Corporation was never a party to the letter agreement, which extended the grace period of the mortgage. Its funds were delivered to White [the agent for the mortgagee] by Jackman [the agent for the mortgagors]. Key Marble, Inc., had a right in the foreclosure of the mortgage to urge that the $6,000.00 be credited, which it declined to do. The appellee is not in a position to urge a default in the letter agreement, since it had never been a party to it. The mere fact that it may have drawn a check which was delivered by the mortgagors’ attorney does not give it any more standing in this cause, than would a bank have been given a right of action had the mortgagors’ attorney delivered a cashier’s check drawn on a local bank. It is elementary that a person not a party to nor in privy with a contract does not have the right to sue for its breach. See: Woodbury v. Tampa Water Works Co., 57 Fla. 249, 40 So. 556, 21 L.R.A.,N.S., 1034; Seaboard Airline Ry. Co. v. Tampa Southern R. Co., 97 Fla. 340, 121 So. 477; 18 F.L.P., Parties, § 4. Therefore, the decree is reversed with directions to dismiss the complaint.
Reversed with directions.