937 So.2d 161 (2006)
BANCO FICOHSA, Appellant,
v.
ASEGURADORA HONDURENA, S.A., et al., Appellees.
No. 3D06-110.
District Court of Appeal of Florida, Third District.
July 19, 2006.
Rehearing Denied September 11, 2006.
*162 Jorden Burt, Richard J. Ovelmen, Richard B. Simring, and Stephan I. Voudris, Miami, for appellant.
*163 Philip D. Parrish, Miami, Arjang Victory, New York, NY, Jennifer A. Hoffman, and William S. Berk, for appellees.
Before FLETCHER, RAMIREZ, and CORTIÑAS, JJ.
RAMIREZ, J.
Banco Ficohsa appeals the court's final order granting summary judgment in favor of defendants, Aseguradora Hondurena, S.A., et al., in a cause of action for negligence and breach of contract. We affirm because Banco Ficohsa failed to establish the existence of a common law or contractual duty on the part of the reinsurers to ascertain the existence of unknown assignees, it failed to establish the requisite contractual privity with the reinsurers to maintain its breach of contract action, and it failed to establish that the reinsurers breached the reinsurance agreement as a matter of law.

1. Factual Background

Aseguradora issued a fire insurance policy to Texhonsa for a textile plant located in Honduras. The policy contained a Loss Payable Clause and a Claims Control Clause. The Loss Payable Clause specifies that "[l]oss, if any, shall be adjusted with and payable to Textiles de Honduras, S.A. de C.V. (Texhonsa)." The Claims Control Clause entitles the reinsurers[1] to "appoint and/or [sic] representatives acting on their behalf to control all negotiations, adjustments and settlements in connection with such claim or claims," and does not impose any obligations upon Texhonsa. Additionally, the policy does not specifically impose a contractual obligation on the reinsurers to ascertain any possible assignees in the event of a mediated settlement.
Aon Risk Services, Inc. of Florida reinsured 56% of this policy with Certain Underwriters at Lloyd's London through a London broker. Aon Florida reinsured the remaining 44% with its affiliate, Aon Panama. Aon Panama in turn reinsured through companies outside the London Market. Aon Panama subsequently consolidated the cover notes and issued one note for 100% to Texhonsa. The reinsurance agreement subjected all parties to the terms and conditions of the original insurance agreement.
Texhonsa subsequently assigned a partial interest in the insurance policy to Banco Ficohsa as security for a $4 million line of credit through an independent company. The Assignment was recorded in the Honduran public records and was delivered to Aseguradora, who in turn notified Aon Panama of the Assignment. Camilo Atala, Banco Ficohsa's president, later testified that he had knowledge of the Assignment and that the reinsurers were the only parties financially responsible for any payment of the insurance policy proceeds.
Thereafter, Texhonsa filed suit against Aseguradora in Miami-Dade County to recover damages incurred as a result of Aseguradora's denial of its claim for a fire loss. Texhonsa later dropped Aseguradora as a party and added the reinsurers. Approximately two years after Texhonsa filed suit, the parties reached a confidential mediated settlement for $8 million.
Banco Ficohsa then filed suit against the reinsurers for negligence. The reinsurers moved to dismiss the complaint for failure to state a claim, arguing that the negligence claim was missing the fundamental element of duty. The trial court granted the motion with leave to amend, provided that Banco Ficohsa could allege that the *164 reinsurers had either actual or constructive notice of the Assignment. Banco Ficohsa amended the complaint by adding a claim for breach of contract and preserved its negligence claim for final appeal. Again, the reinsurers moved to dismiss, and the court once more granted the motion with leave to amend, provided that Banco Ficohsa could allege that the reinsurers had either actual or constructive notice of the Assignment. Banco Ficohsa amended its complaint a third time, and the reinsurers moved to dismiss the action. The court denied that motion, but limited discovery to the issue of whether the reinsurers had notice of the Assignment. The court subsequently dismissed the negligence claim because Banco Ficohsa failed to prove that the reinsurers owed a duty to ascertain its existence as Texhonsa's assignee. The reinsurers thereafter moved for summary judgment motion on their breach of contract claim. Following argument on motion, the court entered judgment in favor of the reinsurers.

2. Negligence Claim

Banco Ficohsa first argues that because the reinsurers substituted themselves as defendants in lieu of Aseguradora, the reinsurers owed a duty to Banco Ficohsa because they assumed full responsibility to defend the lawsuit brought by Texhonsa, and they should have ascertained the existence of Texhonsa's assignees before issuing payment of the settlement proceeds to Texhonsa. We disagree.
There is no existing Florida case law which mandates that an insurer or reinsurer has a common law duty to ascertain whether assignees exist before settling an insurance claim. In a situation where a policy premium is due or when a policy might lapse, courts have held that an insurer does not have a duty to notify assignees of these deadlines. See Lewis State Bank v. Travelers Ins. Co., 356 So.2d 1344, 1346 (Fla. 1st DCA 1978). Courts have held that it is the assignee that has a duty to inform a debtor of its existence before it imposes a duty of payment to the assignee upon the debtor. See Boulevard Nat'l Bank of Miami v. Air Metal Indus., Inc., 176 So.2d 94, 98 (Fla.1965).
First, Banco Ficohsa failed to inform the reinsurers of the Assignment despite its knowledge that reinsurers were the sole parties responsible for payment of the settlement proceeds. Furthermore, the insurance policy is silent on the obligation to ascertain the existence of any assignees. The reinsurers issued their payment to Texhonsa in accordance with the insurance agreement which established Texhonsa as the recipient of any payment proceeds.
Additionally, the reinsurers did not create a foreseeable zone of risk when they substituted themselves in Aseguradora's place in the original lawsuit between Texhonsa and Aseguradora. There is no evidence in the record that the reinsurers were aware of Banco Ficohsa's existence. Indeed, they did not act on Banco Ficohsa's behalf at mediation. Thus, because Banco Ficohsa failed to prove the element of legal duty, it cannot establish a prima facie case of negligence.

3. Breach of Contract Claim

Banco Ficohsa next argues that the reinsurers breached their contractual duty because they had constructive notice of the Assignment. Even if the reinsurers had a contractual duty, we do not find that the reinsurers breached this duty.
Courts have held that "a person not a party to nor in privy with a contract does not have the right to use [sic] for its breach." White v. Exchange Corp., 167 So.2d 324, 326 (Fla. 3d DCA 1964). Banco Ficohsa was not a party to the reinsurance agreement because "an ordinary contract of reinsurance, in the absence of provisions *165 to the contrary, operates solely as between the reinsurer and the reinsured." McDonough Const. Corp. v. Pan Am. Sur. Co., 190 So.2d 617, 618-19 (Fla. 1st DCA 1966)(emphasis added). Additionally, "[i]t creates no privity between the original insured and the reinsurer." Id. "The reinsurer has no contractual obligation with the original insured and is not liable to [it]." Id. at 619.
Furthermore, there is no clear written assumption of liability in the original policy or reinsurance agreement to the original insured that would enable Texhonsa to bring a direct action against the reinsurers. The agreements indeed do not impose any obligations upon Texhonsa. Thus, neither Texhonsa nor any of its assignees should be able to bring a direct action against the reinsurers because the reinsurers have not assumed any liability to them. The fact that the reinsurance agreement is subject to the same terms and conditions as the original policy does not create privity of contract because, again, no obligation exists towards Texhonsa or to Banco Ficohsa as its assignee.
Neither the original insurance policy nor the reinsurance agreement specifies that any insurance proceeds payments are to be made to Aseguradora or Banco Ficohsa. As previously stated, the agreement specifically states that all proceeds are to be paid to Texhonsa. Since the reinsurers did not have actual or constructive notice of the Assignment, they could not have been aware that settlement proceeds might have to be paid to another party. Courts generally agree that "notice to a debtor of an assignment is necessary to impose on the debtor the duty of payment to the assignee, and that if before receiving such notice [the debtor] pays the debt to the assignor, or to a subsequent assignee, [the debtor] will be discharged from the debt." Boulevard Nat'l Bank of Miami, 176 So.2d at 98.
Banco Ficohsa also argues that the reinsurers had constructive notice of the Assignment because their agent, Aon Florida, had knowledge of it. However, Florida law treats an insurance broker as an agent of the insured rather than the insurer. See Almerico v. RLI Ins. Co., 716 So.2d 774, 776 (Fla.1998). In order to establish an agency relationship, there must be: acknowledgment by the principal that the agent will act for him, the agent's acceptance of the undertaking, and control by the principal over the actions of the agent. See Ilgen v. Henderson Properties, Inc., 683 So.2d 513 (Fla. 2d DCA 1996).
There is no evidence in the record that Aon Florida was the reinsurers' agent. Additionally, the reinsurers did not acknowledge that Aon Florida would act as their agent, Aon Florida did not agree to act as the reinsurers' agent, and the reinsurers did not control Aon Florida's actions. Thus, Banco Ficohsa failed to demonstrate that Aon Florida was the reinsurers' agent.

4. Conclusion

We thus conclude that the reinsurers did not have a duty to ascertain the existence of Banco Ficohsa as Texhonsa's assignee. Banco Ficohsa, therefore, failed to establish a cause of action for negligence.
We further conclude that the reinsurers did not have either constructive or actual notice of the Assignment, and that the reinsurers did not breach the insurance policy or the reinsurance agreement. Contractual privity did not exist between the reinsurers and Banco Ficohsa, and the reinsurers did not breach any terms of the reinsurance agreement when they issued payment of the settlement proceeds to Texhonsa as they were obligated to do under the express language of the insurance *166 agreement. Banco Ficohsa therefore failed to establish a valid cause of action for breach of contract. Therefore, there are no genuine issues of material fact that preclude the entry of summary judgment in favor of the reinsurers.
Affirmed.
NOTES
[1] In this case, the reinsurers are Aon Risk Services, Inc. of Florida ("Aon Florida") and Aon Re. Panama ("Aon Panama").